1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

WASTE ACTION PROJECT,

8

Plaintiff,

9        v.

10  PORT OF OLYMPIA,

11

Defendant.

CASE NO. C17-5445 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND

12

13      This matter comes before the Court on Plaintiff Waste Action Project's ("WAP")

14  motion for leave to amend.  Dkt. 41.  The Court has considered the pleadings filed in

15  support of and in opposition to the motion and the remainder of the file and hereby denies

16  the motion for the reasons stated herein.

17                        **I.   PROCEDURAL HISTORY**

18      On June 12, 2017, WAP filed a citizen suit under section 505 of the Clean Water

19  Act as amended, 33 U.S.C. § 1365a, against Defendant Port of Olympia ("Port").  Dkt. 1.

20  WAP alleged that the Port had "discharged stormwater containing levels of pollutants

21  that exceed the benchmark values established by" the relevant permits.  *Id.* ¶ 21.

22

On October 23, 2017, WAP sent the Port a notice letter informing the Port of alleged "illicit discharges of grain dust and process wastewater from dust control operations . . . ." Dkt. 41-1, ¶ 34.

The Court has granted numerous stipulated extensions of various deadlines based on assertions that the parties were actively discussing settlement. *See, e.g.*, Dkt. 28. However, on September 26, 2018, the Court issued a new scheduling order setting the date for amended pleadings as November 6, 2018. Dkt. 38.

On April 18, 2019, WAP filed the instant motion for leave to amend the complaint to add claims regarding the alleged illicit discharges of dust. Dkt. 41. On April 29, 2019, the Port responded. Dkt. 44. On May 3, 2019, WAP replied. Dkt. 47. On May 7, 2019, the Port filed a surreply requesting that the Court strike WAP's reference to the reason for the breakdown in settlement negotiations. Dkt. 50.[1]

## II.  DISCUSSION

Once the deadline to amend pleadings has passed, the moving party must establish "good cause" to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* "If [the moving] party was not diligent, the inquiry should

_____

[1] The Court grants the motion to strike because the identified argument is irrelevant.

1    end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017)

2    (quoting *Johnson*, 975 F.2d at 609).

3         In this case, WAP has failed to establish diligence, thus ending the inquiry.  First,

4    WAP's arguments regarding any prejudice the Port may suffer are irrelevant.  Dkt. 47 at

5    1–3.  Second, WAP's diligence arguments are without merit.  WAP argues that the

6    parties could not settle "this case" without a further action by the Washington

7    Department of Ecology, which has not occurred.  *Id.* at 4.  While waiting for an

8    administrative action is certainly an excuse for being unable to prosecute *this case*,

9    WAP's proposed claims are not in *this case*, and WAP provides no explanation for why

10   the proposed claims could not have been added earlier despite the administrative

11   proceeding.

12        WAP also argues that settlement discussions did not fully dissolve until March 28,

13   2019.  Dkt. 47 at 4.  WAP provides no explanation for why it could not add claims to its

14   complaint that were presented to the Port in its notice letter while settlement negotiations

15   were ongoing.  It is entirely possible that WAP intended to settle the current claims and

16   then immediately file a new complaint based on the dust claims.  Thus, settlement

17   negotiations regarding current claims is no excuse for failure to add noticed claims.

18        Finally, WAP argues that "[c]ourts have found plaintiffs demonstrated diligence

19   despite longer delays than that presented here."  Dkt 47 at 4.  While true, that is an

20   insufficient excuse for essentially doing nothing procedurally with respect to the noticed

21   claims.  If anything, WAP could have included in one of the parties' stipulated motions

22   for an extension that its failure to act on the noticed claims was not a lack of diligence but

a deliberate decision to save the Court's and the parties' resources.  Moreover, it is unclear whether the Port would have even objected to a timely motion to amend.  The Court is aware of the judicial inefficiencies involved with WAP filing a new complaint that could be consolidated with this action, but binding precedent requires a finding of diligence, which is completely lacking here.

### III.  ORDER

Therefore, it is hereby **ORDERED** that WAP's motion for leave to amend, Dkt. 41, is **DENIED**.

Dated this 7th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge