HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| WASTE ACTION PROJECT, | ) | Case No. 3:17-cv-05445-BHS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | PLAINTIFF'S RESPONSE OPPOSING |
| | ) | DEFENDANT'S MOTION FOR LEAVE |
| PORT OF OLYMPIA, | ) | TO FILE MOTION RELATED TO |
| | ) | DISCOVERY BEYOND DEADLINE |
| Defendant. | ) | |
| _____ | ) | |

## I. INTRODUCTION

The Court should deny defendant Port of Olympia's ("Port") motion for relief from the deadline to file a motion to compel additional testimony from a non-party. Under this Court's scheduling order, all motions related to discovery were due by July 15, 2019. Dkt. 38. This deadline has passed, and under the relevant legal standards the Port has not shown good cause for obtaining relief from this deadline. That the Port waited until the eleventh hour to depose non-party Paul Stasch is not good cause. *See* LCR 16(b)(5) ("Mere failure to complete discovery within the time allowed does not constitute good cause…"). The Port has not met its burden, and the Court should deny the Port's motion.

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 1
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

## II.   FACTS

This discovery motion deadline was July 15, 2019. Dkt. 38.

On September 5, 2017 — approximately two years ago — Waste Action Project disclosed Paul Stasch (and twenty-three other people) as individuals likely to have relevant information on this matter. Declaration of Alyssa Englebrecht in Support of Plaintiff's Response to Port's Motion for Relief from Deadline ("Englebrecht Decl."), Ex. 1.  The Port has fixated on Mr. Stasch and began incorrectly characterizing him as Waste Action Project's "key" witness as early as April 2019.  Dkt. 51-1 at 2.  However, the Port inexplicably waited to subpoena Mr. Stasch for a deposition on July 12, 2019, just three days before the discovery motions deadline. Englebrecht Decl., Ex. 2 (Subpoena of Paul R. Stasch dated June 14, 2019, noting Mr. Stasch's deposition for July 12, 2019).  Mr. Stasch and Waste Action Project accommodated the Port's preferred date for the deposition and Mr. Stasch testified for almost a full day.  Englebrecht Decl., ¶ 4.  Mr. Stasch answered the Port's many questions on matters relevant to this Clean Water Act citizen suit, declining to answer only those questions that were wholly irrelevant and harassing related to alleged matters regarding Mr. Stasch's resignation and personal life.

Before Mr. Stasch's deposition, the Port participated in Waste Action Project's Rule 30(b)(6) deposition of the Department of Ecology, where it had the opportunity pursue lines of questioning it now seeks from Mr. Stasch during a second deposition.  At the deposition of Ecology, the Port could have questioned Mr. Stasch's former coworkers and supervisors regarding the veracity of Mr. Stasch's inspection reports for the Port's facility, as Waste Action Project did. Englebrecht Decl., Ex. 3 at ¶ 2 (Waste Action Project's 30(b)(6) notification to the Department of Ecology); Ex. 4 at 19:15-22:1; Ex. 5 at 25:3-26:10, 30:8-10, 33:7-10, 42:17-22. Indeed, at that deposition, Ecology confirmed that additional Ecology inspectors typically joined

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 2
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Mr. Stasch's inspections of the Port, and the corresponding inspection reports were always approved and signed by his supervisor. *Id*., Ex. 4 at 17:7-15, 25:4-23 and Ex. 5 at 23:25-24:3, 32:11-12, 55:21-23. Mr. Stasch's direct supervisor also testified that he did not doubt Mr. Stasch's capable performance as an Ecology inspector or his truthfulness. *Id*., Ex. 5 at 41:23-43:1, 58:10-14.

Furthermore, despite being outside the scope of Waste Action Project's 30(b)(6) notice to Ecology, during Ecology's deposition the Port asked Mr. Stasch's former coworkers and supervisors questions regarding Mr. Stasch's resignation, disciplinary matters, and his communications with Waste Action Project. *Id*., Ex. 5 at 49:1-54:21, 55:24-58:14, 61:18-72:23, Ex. 6 at 26:12-27:6.

Lastly, at Mr. Stasch's July 13, 2019 deposition, the Port had the opportunity to question Mr. Stasch himself about the veracity of his inspection reports, whether he held a grudge against the Port, and whether he was conspiring against the Port.  The only questions Mr. Stasch did not answer related to personal matters that were harassing, embarrassing and irrelevant to this Clean Water Act citizen suit.

Defendant's story, devoid of citations or authority (*see* Dkt. 54 at 3:2-4:12), creatively rewrites history and its own exhibits but fails to show good cause to grant leave.

### III. ARGUMENT

#### A. Standard of Review

Under LCR 16(b)(5)[1], "The parties are bound by the dates specified within the scheduling

---

[1] Waste Action Project notes that LCR 16(b) appears to have a scrivener's error where two subsections are numbered (5).  *See* https://www.wawd.uscourts.gov/sites/wawd/files/WAWDAllLocalCivilRules.pdf.  Waste Action Project refers to the subsection (5) of LCR 16(b) entitled "Modifying a Schedule."

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 3
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

order. A schedule may be modified only for good cause and with the judge's consent.  Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").  The focus of the inquiry is upon the moving party's reasons for seeking modification, and the "good cause" standard of Rule 16 focuses on the diligence of the party requesting modification. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  "If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  However, 'if that party was not diligent, the inquiry should end' and the motion to modify should not be granted." *Puget Soundkeeper All. v. Seattle Iron & Metals Corp.*, No. C12-1201 RSM, 2018 U.S. Dist. LEXIS 172014, *2-3 (W.D. Wash. Oct. 4, 2018) (internal citations omitted).

### B.  The Port cannot show good cause because it failed to act diligently.

The Port was not diligent in waiting to depose Mr. Stasch three days prior to the deadline for discovery related motions.  Failure to complete discovery within the time allowed does not constitute good cause. LCR 16(b)(4).  The Port's only purported justification for its failure to comply with the discovery motion deadline is that it did not conduct Mr. Stasch's deposition until July 12, 2019, despite its ability to do so much earlier, and that this did not leave sufficient time for a discovery motion following the deposition.  Dkt. 54 at 4:16-18.  The parties have been engaging in discovery for nine months, at any point during which the Port could have deposed Mr. Stasch, who was disclosed in Waste Action Project's initial disclosures back in September 2017 — nearly two years ago. Englebrecht Decl., ¶ 9, Ex. 2; *See Puget Soundkeeper All.*, No. C12-1201 RSM, 2018 U.S. Dist. LEXIS 172014, *2-3 (holding defendant did not act diligently in waiting until the end of discovery to serve the discovery requests at issue after seven months

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 4
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

of opportunity).  The Port's lack of diligence and good cause is especially unjustified considering the Port's incorrect impression that Mr. Stasch is Waste Action Project's "star witness."  Dkt. 44 at 4, n. 5.  If Mr. Stasch's testimony was as important to the Port as it now contends, its lack of diligence to obtain his testimony earlier is inexplicable.  The Port chose to depose Mr. Stasch three days before the discovery motions deadline, and it must live with its choice.  The mere timing of the Port's preferred deposition date is insufficient to support relief from the Court's deadline.

### C. The testimony the Port seeks leave to pursue is not important, relevant, proportional to the needs of the case, or within the scope of permissible discovery, and seeks only to harass or embarrass the witness.

The purpose of the Port's proposed motion to compel is to embarrass, harass and annoy Mr. Stasch, which is a patently improper purposes that cannot constitute "good cause" under Federal Rule 16.  Any miniscule relevance that Mr. Stasch's additional testimony might provide is vastly outweighed by the substantial burden and harm to him as a non-party.  The Court should deny the Port's motion on this basis as well.

First, the testimony the Port seeks regarding Mr. Stasch's resignation and personal life is not "extremely important and relevant to the Port's defenses," as argued.  Dkt. 54 at 5:3.  Nor is Mr. Stasch a "star witness" for any of Waste Action Project's claims.  Dkt. 44 at 4, n. 5.  The Port's motion has failed to point to even one of Waste Action Project's claims which hinges on the testimony of Mr. Stasch such that his credibility would even be an issue.  *See generally*, Dkt. 54.  In fact, none of Waste Action Project's claims rest entirely on the testimony of Mr. Stasch. Englebrecht Decl., ¶ 10.

But even if it were true that Waste Action Project's case rested on the contents of Mr. Stasch's inspection reports (which it does not), the Port already has abundant testimony and

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 5
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

evidence from Ecology, Waste Action Project, and Mr. Stasch regarding the truth of these reports, the lack of any alleged bias held by Mr. Stasch, and the lack of a conspiracy between Mr. Stasch and Waste Action Project. *Id.*, Ex. 6 at 26:12-27:6 (Ecology's testimony regarding Mr. Stasch's communications with Waste Action Project); Ex. 4 at 17:7-15 (Ecology's testimony regarding Mr. Diamant's attendance at inspections with Mr. Stasch), 19:15-22:1 (Ecology's testimony regarding the truthfulness of Mr. Stasch's inspection reports), 25:4-23, 26:12-19 (Ecology's testimony regarding any perceived hostility between Port and Ecology); Ex. 5 at 25:3-26:10 (Ecology's testimony regarding truthfulness of reports and review of reports by supervisor), 41:23-43:1 (Ecology's testimony regarding Mr. Stasch's truthfulness, credibility, and job performance), 49:1-54:21 (Ecology's testimony regarding Mr. Stasch's resignation, discipline, and driving record), 61:18-72:23 (Ecology's testimony regarding Mr. Stasch's communications with Waste Action Project and lack of any alleged bias he held); Ex. 7 (The Port's 30(b)(6) Notice to Waste Action Project including the topics "Each and every allegation contained in Plaintiff's Complaint in this matter" and "Plaintiff's verbal and written interactions with Ecology related to this matter."). The Port's motion for relief simply does not provide any support for its argument that it needs this additional testimony regarding Mr. Stasch's resignation in order to make its arguments.

Second, the testimony the Port seeks from Mr. Stasch regarding personal matters are outside the scope of discovery because they are not proportional to the needs of the case and the Port's insistence on compelling this testimony only serves to harass and embarrass Mr. Stasch, in contradiction to Federal Rule 26(b)(1). *See also* Fed. R. 26(c)(1). The alleged criminal or disciplinary matters, referred to in the Port's brief and Mr. Berner's declaration without citation to any record, have no relevance to his work as a regulator of the Port of Olympia. Dkt. 54 at

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 6
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

3:7-12; Dkt. 55 at ¶ 2.  The Port's disdain for Mr. Stasch is apparent, and its attempt to seek this irrelevant testimony is just another of its incessant attempts to harm Mr. Stasch's reputation. Englebrecht Decl., Ex. 8 at 38:1-7, 44:24-45:5, 79:8-11, 80:1-8, 80:21-25, 81:12-13, 83:2-5, 84:3-5, 84:23-24, 85:15-16 (Port's 30(b)(6) testimony).  The only purpose for which the Port seeks to compel this testimony from a non-party is for harassment and embarrassment, which is impermissible and should not be condoned or facilitated by extending a court-imposed deadline.

Third, Waste Action Project's counsel acted properly during Mr. Stasch's deposition and *never* instructed Mr. Stasch not to answer questions, contrary to the Port's baseless assertion. Dkt. 54 at 5; *see generally*, Dkt. 55 at 12-14.[2]  Waste Action Project's counsel made proper objections that questions were outside the scope of discovery, harassing, and embarrassing, without instructing Mr. Stasch not to answer.  Fed R. Civ. P. 26(b); Fed R. Civ. P. 30(d)(3) (party may move to terminate or limit deposition on the ground that it is being conducted in bad faith or a manner that unreasonably annoys, embarrasses, or oppresses the deponent); Fed R. Civ. P. 32(b) (an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying); Fed R. Civ. P. 32(d)(3)(A) (discussing objections to the relevance or materiality of the testimony in depositions); *see also* Fed. R. Evid. 611 (the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to protect witnesses from harassment or undue embarrassment).  An objection alone does not excuse the deponent's obligation to testify and Waste Action Project's counsel never suggested otherwise.  Fed. R. Civ. P. 30(c)(2).

---

[2] Waste Action Project notes that the excerpted transcripts attached to Mr. Berner's declaration are not properly authenticated under *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). *See* Dkt. 55 at 12-14.

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 7
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

### D. Waste Action Project never agreed to stipulate to extend deadlines.

Waste Action Project did not agree to disregard the discovery motion deadline when it agreed to use the LCR 37(a) joint expedited motion procedure. The plain language of Ms. Englebrecht's email, in addition to the lack of any agreement to file such a motion without the Port first seeking relief from that deadline, reflects that Waste Action Project did not agree to a late filing. *See* Dkt. 55 at 9 (Mr. Berner email asking if Waste Action Project will agree to use the LCR 37(a)(2) joint motion procedure without mention of seeking leave); *id.* at 9 (Ms. Englebrecht agreeing to use the procedure); *id.* at 8 (Mr. Berner email expressing his unfounded understanding that Ms. Englebrecht had implicitly agreed to stipulate to this joint motion being filed after the discovery motion deadline). Waste Action Project has always been, and still is, willing to use the LCR 37 procedure to resolve the party's conflict regarding compelling testimony from Mr. Stasch, as long as it is timely. *Id*. at 6. The parties' agreement to use an expedited briefing procedure is not an agreement to allow the Port to submit an untimely motion without first obtaining leave from the Court.

### E. The Port's request for fees is unwarranted and unsupported.

An award of fees is not warranted. The Port failed to cite any authority for its request. Waste Action Project never misrepresented its position to the Port, and it should not be responsible for the Port's failure to seek relief from the discovery motion deadline prior to sending its LCR 37 submittal to Waste Action Project. At most, this was a miscommunication.

If the Court grants leave to file a motion to compel, Waste Action Project intends to seek fees pursuant to Rule 37(a)(5) for its response to that motion to compel because the testimony sought by the Port is outside the scope of discovery, and its only purpose is to harass and embarrass the witness.

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION - 8
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

## IV. CONCLUSION

The Port failed to show good cause for relief from the discovery motion deadline, and the testimony the Port seeks to compel in any ensuing motion is outside the scope of discovery, which seeks only to harass and embarrass the witness. Waste Action Project respectfully requests this Court to deny the Port's motion.

RESPECTFULLY SUBMITTED this 7th day of August, 2019

SMITH & LOWNEY, PLLC

By: *s/Alyssa Englebrecht*
    Alyssa Englebrecht, WSBA # 46773
    Katherine Brennan, WSBA # 51247
    Richard Smith, WSBA # 21788
Attorneys for Plaintiff
2317 E. John Street, Seattle, WA 98112
Tel: (206) 860-2883; Fax: (206) 860-4187
Email: alyssa@smithandlowney.com
katherine@smithandlowney.com
richard@smithandlowney.com

PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION - 9
3:17-cv-05445-BHS

Smith & Lowney, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

**CERTIFICATE OF SERVICE**

I, Katherine Brennan, declare under penalty of perjury of the laws of Washington that on August 7, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the counsel of record.

*s/Katherine Brennan*
Katherine Brennan, WSBA # 51247
Attorney for Waste Action Project

PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION - 10
3:17-cv-05445-BHS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883