UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>                Plaintiff,<br><br>    v.<br><br>PORT OF OLYMPIA,<br><br>                Defendant. | CASE NO. C17-5445 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant Port of Olympia's ("Port") amended motion to compel testimony of non-party witness Paul Stasch ("Stasch"). Dkt. 95.

On July 12, 2019, the parties deposed Stasch. Dkt. 96, ¶ 3. The Port's counsel asked Stasch whether he had a valid driver's license while he worked for the Washington Department of Ecology ("Ecology") in 2011, Dkt. 96-2 at 4, questions regarding Stasch's resignation, *id.* at 5, and details about a lecture he may have given at a local community college, *id.* at 5–6. Stasch refused to answer these questions.

On August 21, 2019, the Court granted the Port's motion for leave to file a discovery motion past the discovery deadline. Dkt. 69. On August 22, 2019, the Port

filed a motion to compel another deposition of Stasch to ask questions "regarding his criminal history and disciplinary history while employed at Ecology." Dkt. 70. On September 9, 2019, Plaintiff Waste Action Project ("WAP") responded and argued that the Court should deny the motion because the Port failed to serve the motion on Stasch or his personal counsel. Dkt. 78 at 3. WAP's argument appeared valid because neither Stasch nor his counsel were included in the Port's certificate of service. Dkt. 72. On September 16, 2019, the Port withdrew its motion and filed this amended motion. Dkts. 93, 95. On September 30, 2019, WAP responded. Dkt. 107. On October 1, 2019, Stasch responded. Dkt. 113. On October 4, 2019, the Port replied. Dkt. 115. On October 8, 2019, WAP filed a surreply requesting that the Court strike new facts and argument the Port submitted for the first time in reply. Dkt. 122.[1]

In this case, WAP and Stasch argue that the Court should deny the Port's motion for both procedural and substantive reasons. First, WAP argues that the Port's decision to withdraw its original motion after WAP's response and file an amended motion correcting the deficiencies identified by WAP violates the letter and intent of the local rules of procedure. Dkt. 107 at 4–6. The Court disagrees because WAP responded to the substantive merits of both motions. This is not a situation where a party repeatedly files motions only to withdraw them after forcing the other party to respond. Attorney oversight in serving the relevant parties does not warrant denial of the motion or sanctions.

---

[1] The Court denies this motion as moot because those facts and argument are irrelevant to the Court's analysis.

Second, WAP argues that the motion violates the Court's deadlines. *Id.* at 6–7. This argument is without merit because the Court granted the Port leave to file the motion.

Third, Stasch argues that the Port failed to meet and confer before filing the motion. Dkt. 113 at 5–7. The Port contends that it did meet and confer with Stasch's counsel regarding a new deposition. Dkt. 115. In fact, the Port submits an email exchange between the parties after the Port filed this motion with an offer from Stasch to resume his deposition if the Port withdrew its motion and request for sanctions. Dkt. 116-4 at 4. Inexplicably, the Port refused this offer suggesting that it might be more interested in sanctions than the subject of Stasch's testimony. Moreover, the Port has repeatedly asserted that this case is nothing more than an attempt, even unethical in some respects, by WAP and its counsel to exact penalties and attorney's fees for baseless allegations. *See, e.g.*, Dkt. 80 at 9 ("WAP's citizen suit is an attempt to piggyback on Ecology's enforcement actions by seeking its own set of penalties and damages—and of course attorney fees and litigation costs"). It would be clearly improper if the Port is seeking its own fees in retaliation. Regardless of the actual motive, the Court will not condone the denial of efforts to resolve a discovery dispute before requesting the Court's intervention. The Court finds that this is reason alone to deny the motion, but it will briefly address the merits.

Regarding the subject matter of the deposition, WAP and Stasch argue that any further questions regarding his driver's license or resignation would be irrelevant and duplicative. The Court agrees. To the extent such additional testimony might be

marginally relevant, the Port should have sufficient information from the previous deposition and other sources to competently attack his credibility on the issues set forth in the complaint. Therefore, the Court **DENIES** the Port's amended motion to compel.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge